# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARLOS M. MOORE,

    *Petitioner*,

vs.

BRIAN WILLIAMS, *et al.*,

    *Respondents*.

2:10-cv-00447-KJD-RJJ

ORDER

This habeas matter under 28 U.S.C. § 2254 with unexhausted claims comes before the Court on petitioner's motions (## 9 & 10) "for stay and dismissal without prejudice."

In its prior order (#8), the Court clearly distinguished between the stay procedure under *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), and the entirely different stay procedure under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003). See #8, at 3-5.

Among other differences, when a habeas matter is stayed under *Rhines*, the unexhausted claims are ***not*** dismissed, and the entire petition is stayed while the petitioner returns to state court to exhaust the unexhausted claims. *See King v. Ryan*, 564 F.3d 1133, 1139 (9th Cir.), *cert. denied*, __ U.S. ___, 130 S.Ct. 214, 175 L.Ed.2d 148 (2009). In contrast, when a habeas matter is stayed under *Kelly*, the unexhausted claims ***are*** dismissed, the remaining claims are stayed while the petitioner exhausts the dismissed claims, and the petitioner must amend the federal petition after the claims are exhausted if he wishes to again present the claims in federal court. *See,e.g., King,* 564 F.3d at 1138-39.

In the present filing, petitioner requests that the Court "grant him a stay in these proceedings and to dismiss Grounds 1 and 3 of his petition, without prejudice," citing *both* *Rhines* and *Kelly*. Petitioner further provides argument seeking to satisfy, at least in part, the requirements for a *Rhines* stay, which are not required to obtain a *Kelly* stay. Petitioner further states, despite his request earlier in the filing for dismissal of the claims without prejudice, that he "does not wish to voluntarily dismiss these grounds from his petition."

Petitioner must clearly request *either*: (a) a *Rhines* stay; (b) a *Kelly* stay; *or* (c) a *Rhines* stay or in the alternative a *Kelly* stay. Petitioner is proceeding *pro se*, and his filings are construed liberally. However, the Court cannot apply a rule of liberal construction to resolve an ambiguous request that fails to distinguish between two entirely different stay procedures. The two different stay procedures each have different procedures; each are subject to different requirements as to whether they may be entered in the first instance; and each have different potential consequences when a petitioner later returns to federal court.

As the prior order noted, petitioner may request a *Rhines* stay or in the alternative a *Kelly* stay. Petitioner must make such an alternative request clearly, however. Petitioner may not generate an issue for later proceedings by making an ambiguous request that potentially allows for a later argument that the Court did not provide the relief that he sought and/or misled or prejudiced him by granting one alternative rather than the other in response to his ambiguous request.

Petitioner, again, instead must clearly and unambiguously request *either*: (a) a *Rhines* stay; (b) a *Kelly* stay; *or* (c) a *Rhines* stay or in the alternative a *Kelly* stay. If petitioner fails to make a request for appropriate relief, the default rule is that the entire petition then is subject to immediate dismissal as a mixed petition. *See,e.g., Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Accordingly, if petitioner again presents an ambiguous request that again fails to distinguish between a *Rhines* stay and a *Kelly* stay, the Court simply will dismiss the entire petition for lack of exhaustion.

IT THEREFORE IS ORDERED that petitioner's motions (## 9 & 10) for stay and dismissal are DENIED without prejudice.

IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from entry of this order within which to mail to the Clerk for filing either a motion for dismissal without prejudice of the entire petition, for partial dismissal only of Grounds 1 and 3, and/or for other appropriate relief.  The entire petition will be dismissed for lack of complete exhaustion if an appropriate motion is not timely filed.  If another ambiguous motion is filed, this case will be dismissed without further advance notice.

DATED: August 16, 2010

_____
KENT J. DAWSON
United States District Judge