# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARLOS M. MOORE,

    *Petitioner*,

vs.

BRIAN WILLIAMS, *et al.*,

    *Respondents*.

2:10-cv-00447-KJD-RJJ

ORDER

This habeas matter under 28 U.S.C. § 2254 with unexhausted claims comes before the Court on petitioner's motion styled as a motion (#12) for dismissal without prejudice.

In two prior orders, the Court has clearly distinguished between the stay procedure under *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), and the entirely different stay procedure under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003). ## 8 & 11. The Court noted the requirements for a *Rhines* stay. #8, at 4. The Court stated that the entire action would be dismissed if petitioner failed to present a motion for appropriate relief as to the unexhausted claims.

Petitioner's response to the first order was ambiguous. The Court accordingly issued the second order again clearly distinguishing between the two different stay procedures. The Court stated:

> . . . . Petitioner may not generate an issue for later proceedings by making an ambiguous request that potentially

> allows for a later argument that the Court did not provide the relief that he sought and/or misled or prejudiced him by granting one alternative rather than the other in response to his ambiguous request.
>
> . . . . If petitioner fails to make a request for appropriate relief, the default rule is that the entire petition then is subject to immediate dismissal as a mixed petition. *See, e.g., Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Accordingly, if petitioner again presents an ambiguous request that again fails to distinguish between a *Rhines* stay and a *Kelly* stay, the Court simply will dismiss the entire petition for lack of exhaustion.

#11, at 2.

The current motion, as noted, is styled as a "motion for dismissal without prejudice." Petitioner states that he "hereby submits his motion for dismissal without prejudice of his entire petition under 28 U.S.C. § 2254." Later in the motion, however, petitioner states that he asks "this Court to allow him to have his entire petition stayed while he returns to state court to exhaust the unexhausted claims." He states that he "understands that the unexhausted claims are not dismissed." He states that he "chooses" the *Rhines* stay procedure. While he states that he "chooses" the *Rhines* stay procedure, petitioner makes no effort to satisfy the requirements for a *Rhines* stay. As noted in the Court's prior order, "[i]n order to obtain a *Rhines* stay without a dismissal of the unexhausted claims, the petitioner must demonstrate that he has good cause for the failure to exhaust the claims previously, that the unexhausted claims are not plainly meritless, and that he has not engaged in intentionally dilatory litigation tactics." #8, at 4.

Petitioner has been fully informed of the differences in the procedural options available at this point, of the need to be clear and unambiguous in making his choice, and of the requirements in particular for requesting a *Rhines* stay.

Petitioner has been informed clearly that if he made yet another ambiguous response that the case would be dismissed immediately for lack of exhaustion under *Rose v. Lundy.*

Petitioner nonetheless has presented the Court with yet another ambiguous and self-contradictory response, all while failing in any event to make the required showing for a *Rhines* stay.

1    This action therefore will be dismissed without prejudice for lack of exhaustion.

2    While the dismissal is without prejudice, this dismissed action does not stop the federal
3    one-year limitation period from running as to a later-filed federal petition. *See Duncan v.*
4    *Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). This action is closed, and
5    petitioner must pursue any further requests for federal habeas relief in a new action rather
6    than this action.

7    IT THEREFORE IS ORDERED that petitioner's motion (#12) for dismissal without
8    prejudice is GRANTED IN PART and DENIED IN PART as to the ambiguous contradictory
9    requests presented therein, such that the entire action shall be DISMISSED without prejudice.

10   The Clerk of Court shall enter final judgment accordingly, dismissing this action without
11   prejudice.

DATED: October 5, 2010

_____
KENT J. DAWSON
United States District Judge

-3-